LARRY UMBACA, as Administrator, etc., of JOSEPH UMBACA, Deceased, Appellant, v. JOSEPH RUVA, Respondent.— Judgment affirmed, with costs. All concur. (The judgment is for defendant in an action for damages for death of intestate in an automobile accident.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

MAYFLOWER APARTMENTS, INCORPORATED, Respondent, v. PAUL V. SHEEHAN, Appellant.— Judgment affirmed, with costs. All concur, except Sears, P. J., and Taylor, J., who dissent and vote for reversal on the law on the ground that the act of the landlord in permitting the new tenant to occupy the premises for two weeks, rent free, constituted as matter of law an acceptance of the defendant's tendered surrender. (The judgment affirms a Buffalo City Court judgment in favor of plaintiff in an action to recover an installment of rent.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

ALBERT B. WRIGHT, Respondent, v. PHŒNIX INDEMNITY COMPANY, Appellant. — Judgment and order affirmed, with costs. All concur. (The judgment is for plaintiff in an action on a health insurance policy. The order denies a motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

HENRY K. CUSSLER, Respondent, v. WILSON'S LEADING JEWELERS, INCORPORATED, Appellant.— Judgment and order reversed on the law, with costs, and complaint dismissed, with costs. Memorandum: In an action brought to recover damages squarely based upon slander of plaintiff by defendant in his profession as a school teacher plaintiff has recovered a judgment for $700, $200 for actual damage and $500 for punitive damages. The jury specifically reported that they did not take into consideration plaintiff's having lost his position as teacher in the East Syracuse High School. No special damages were claimed or proved. Slander per se cannot be found from the evidence presented. Nothing appears indicating anything more than an effort by defendant to collect a sum of money claimed to be due it from plaintiff — by words and acts in nowise defamatory. Defendant may have been unreasonably persistent in its efforts to make a collection. Plaintiff may have been annoyed but he was not slandered, no special damage having been proved. All concur. (The judgment awards plaintiff damages for slander. The order denies a motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

HERBERT A. DEGLOPPER, Appellant, v. AMERICAN TERMINAL WAREHOUSE CORPORATION, Respondent.— Judgment affirmed, with costs. All concur. (The judgment dismisses the complaint in an action to recover for personal injuries sustained by falling on a trestle.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.